IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PYLE TRANSPORTATION, INC., et al.,<br><br>Defendants. | Case No. 5:15-CV-04026MWB |

**FINAL JUDGMENT OF PERMANENT INJUNCTION**

Plaintiff United States of America has filed a Complaint for Permanent Injunction against defendants Pyle Transportation, Inc. ("PTI"), Brian Pyle, Jason Pyle, Justin A. Pyle, Michael D. Pyle, Rhonda J. Pyle, and Michelle L. Pyle-Kolpin. The parties have filed a Stipulation for Entry of Final Judgment of Permanent Injunction (Doc. No.  ). Defendants PTI, Brian Pyle, Jason Pyle, Justin A. Pyle, Michael D. Pyle, Rhonda J. Pyle, and Michelle L. Pyle-Kolpin consent to entry of this Final Judgment of Permanent Injunction without further notice, waives the entry of findings of fact and conclusions of law, and waives any right they may have to appeal this Final Judgment of Permanent Injunction.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

2. Defendants PTI, Brian Pyle, Jason Pyle, Justin A. Pyle, Michael D. Pyle, Rhonda J. Pyle, and Michelle L. Pyle-Kolpin, as well as PTI's officers, shareholders, agents, employees, and those acting in concert or participation with them, are required to:

a. Deposit withheld FICA and income taxes, as well as the employer's share of FICA taxes of PTI's business, in an appropriate federal depository bank in accordance with federal deposit regulations;

b. Deposit PTI's FUTA taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

c. For a period of five years, sign and deliver to a designated IRS officer on the first day of each month an affidavit stating that the requisite withheld income, FICA and FUTA tax deposits were timely made;

d. Timely file all federal employment and unemployment returns (including Forms 940 and 941) of PTI with the IRS;

e. Timely pay all required outstanding liabilities due with each tax return at the time the return is filed;

f. Be prohibited from making any disbursement or assigning any property from the date of payment of any wages until the amounts which are required to be withheld from the payment of those wages and the employer's share of FICA taxes related to those are wages are deposited or paid to the IRS in accordance with subparagraphs (a), (b), (c) and (d), above; and

g. Notify the IRS of any new company, entity, or business to which PTI's operation or customers are transferred or that any of the individual defendants may come to own, manage, or be employed by in the next five years.

3. The United States shall be permitted to engage in post-judgment discovery to monitor compliance with the Final Judgment of Permanent Injunction.

4. This Court shall retain jurisdiction over this action for the purpose of enforcing the Final Judgment of Permanent Injunction.

5. The parties shall each bear their respective costs and attorney's fees.

Dated: 3/27/2015

*Mark W. Bennett*
MARK W. BENNETT
United States District Judge